Mr. Datus Jessup c/o Stacey Witherell, Employee Services Manager Little Rock Human Resources Department 500 West Markham, Suite 130W Little Rock, AR 72201-1428
Dear Mr. Jessup:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -109 (Repl. 2002 and Supp. 2003). You state that you are concerned about possible identity theft and that you object to this and all future FOIA requests that are not posed by members of Little Rock City management. Your request stems from an FOIA request made for a copy of your original application for assistant aquatic specialist with the City of Little Rock. It is my understanding that the custodian of the records has determined that this record should be released, after first redacting all private and exempt information.
I am directed by law to issue an opinion as to whether the custodian's determination concerning the release of your records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the custodian's determination is consistent with the FOIA.
This office has regarded the job applications of successful job applicants as "personnel records," within the meaning of the FOIA. Ops. Att'y Gen. 2005-004; 2001-368; 95-244; 95-113 and 94-187. Such applications must therefore be scrutinized under the disclosability standard that is set forth in the FOIA for personnel records. Under that standard, personnel records are disclosable except to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12).[1]
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Ops. Att'y Gen. 1999-360
and 98-001. Unless it can be factually established that release of certain information on the application would constitute a clearly unwarranted invasion of your personal privacy, the "personnel records" exemption will not apply and the information should be released.
Previous Attorney General Opinions reflect that job applications are generally subject to inspection and copying with any exempt information deleted. See, e.g., Ops. Att'y Gen. 2005-004; 2004-314; 2001-080; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-114 and 90-248.
My predecessors have noted, and I agree, that it would be unusual for a job application to contain information sufficiently private to warrant withholding the record from public inspection. See Op. Att'y Gen. Nos.2002-068 and 95-291. It should be noted, however, that certain information, such as your social security number, and any unlisted telephone numbers, if they appear on the application, must be redacted prior to release. I also note that the FOIA provides a specific exemption for the home addresses of non-elected state, county and municipal employees as they appear in employers' records. A.C.A. §25-19-105(b)(13).
Additionally, I reiterate that the custodian should scrutinize the records for the purpose of identifying any information that might be subject to a special exemption from disclosure under the FOIA. See,e.g., A.C.A. § 25-19-105(b)(2) (medical and education records). See also
Op. Att'y Gen. 2003-320 (social security numbers). Any such information that is identified should be redacted from these documents prior to their release along with information which would constitute a "clearly unwarranted invasion of personal privacy" under A.C.A. §25-19-105(b)(12).
Finally, this Office has previously opined that the names of personal references listed on a resume or job application are subject to inspection and copying. Ops. Att'y Gen. 2001-368 and 2001-080. My predecessor also concluded that the disclosability of the home telephone numbers of such references will depend upon whether they are listed or unlisted and any special privacy interests attendant thereto. See Op. Att'y Gen. 2000-306.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Job applications are not reviewed under the more stringent test for "employee evaluation or job performance records" under A.C.A. §25-19-105(c)(1), although records created in the course of a supervisor's investigation may be subject to this test.